TIMOTHY J. HOGAN 5312-0
ATTORNEY AT LAW
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813
Tel. No. (808) 382-3698
Fax No. (808) 356-1682
E-mail: tjh@timhogan.com

Attorney for Plaintiff
DAVID C. FARMER, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>LIN POLING,<br><br>               Debtor<br>_____<br>DAVID C. FARMER, TRUSTEE<br><br>               Plaintiff,<br>      vs.<br><br>LIN POLING individually and as General Partner of NAM CO FAMILY LIMITED PARTNERSHIP, a Nevada Limited Partnership, aka NAM CO LIMITED PARTNERSHIP dba ALLIANCE GROUP, a Hawaii Foreign Limited Partnership; JESSICA L. POLING; AMBER M. POLING; ASHLEY J. POLING; JULIE A. TEST aka JULIE TESTE; SAMUEL L. BURCHETTE and DOES 1 -20<br><br>               Defendants<br>_____ | CASE NO. 08-01445 RJF<br>(Chapter 7) (Converted)<br><br>JUDGE:   Hon. Robert J. Faris<br><br>ADV. PROC. NO. 09-90061<br><br><br>**FIRST AMENDED ADVERSARY COMPLAINT** |

# FIRST AMENDED ADVERSARY COMPLAINT

Plaintiff, David C. Farmer, Chapter 7 Trustee (the "Trustee" and/or "Plaintiff") for the bankruptcy estate of Lin Poling ("Debtor" and/or "Defendant") by and through undersigned counsel, and pursuant to Section 363 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), files his First Amended Adversary Complaint against Lin Poling, individually and as General Partner of Nam Co Family Limited Partnership, a Nevada Limited Partnership, aka Nam Co Limited Partnership dba Alliance Group, a Hawaii Foreign Limited Partnership; Jessica L. Poling; Amber M. Poling; Ashley J. Poling; Julie A. Test aka Julie Teste; Samuel L. Burchette and DOES 1 -20, and complains of the above Defendants as follows:

1. This case was commenced on October 1, 2008, by the filing of a voluntary petition under Chapter 13 of the Bankruptcy Code.

2. The case was converted to a case under Chapter 7 on October 16, 2008. David C. Farmer was appointed Chapter 7 Trustee and is serving under his general bond.

3. Nam Co Family Limited Partnership, was a Nevada Limited Partnership, aka Nam Co Limited Partnership dba Alliance Group, a Hawaii

2

Foreign Limited Partnership (hereinafter "Nam Co"). Nam Co was a Nevada Limited Partnership formerly registered with the State of Hawaii Department of Commerce and Consumer Affairs as a foreign limited partnership.

4. Defendants Jessica L. Poling, Amber M. Poling, Ashley J. Poling and Julie A. Test aka Julie Teste were the past partners of Nam Co and may claim an interest in the properties that are the subject of this action.

5. Defendant Samuel L. Burchette may have an interest in the subject of this litigation and his rights may be affected by rulings related to his interest such that justice requires that he be made party.

6. DOE Defendants 1-20 are defendants the identity of whom is presently unknown to the Trustee and who will be identified and made a party to this adversary proceeding when their identity is made known to the Trustee.

7. Upon information and belief, Nam Co's Nevada limited partnership registration was permanently revoked by the State of Nevada on August 1, 2005 and its foreign limited partnership status in Hawaii was involuntarily cancelled by the State of Hawaii on December 7, 2007.

8. Nam Co, upon information and belief, is a foreign limited partnership in dissolution.

9. Lin Poling was a general partner of Nam Co and continues to control the assets that are held in the name of Nam Co and receives income from Nam Co that she operates as her alter ego. The properties are described as follows:

Canal Classic I, 2627 Laau St. Apt. 6, TMK 1-2-7-021-003-6, CT21168

Canal Classic II, 2621 Laau St. Apt. 9, TMK 1-2-7-021-004, CT21168

Pearl Manor Apts., Apt. 310, 98-120 Lipoa Pl., TMK 1-9-8-014-009

Pacific Village, Apt. L-5, 98-276 Ualo St., TMK 1-9-8-039-004 CPR 053

10. On May 20, 2009, the Bankruptcy Court entered its Order Approving Consummation of Agreement for Exchange of Real Popery in Hawaii and Granting Related Relief (Docket No. 144) (the "Swap Order") that approved a swap agreement (the "Swap Agreement") authorizing the conclusion of the transfer of title in 98-276 Ualo Street Apt. L-5, Aiea, Hawaii, TMK 1-9-8-039-004 CPR 053 from Nam Co to Samuel L. Burchette.

11. The Swap Order also authorized and directed the parties to the Swap Agreement, as part of the Swap Agreement, to convey legal title in 98-267 Kaonohi St. Apt. J-3, Aiea, Hawaii, TMK 1-9-8-039-004 CPR 043 from Mr. Burchette to Nam Co.

12. Despite the entry of the Swap Order, the performance under the Swap

Agreement has not been completed. Upon the exchange contemplated by the Swap Agreement and authorized by the Swap Order, 98-267 Kaonohi St. Apt. J-3, Aiea, Hawaii, TMK 1-9-8-039-004 CPR 043, the property to be transferred to Nam Co will be subject of the instant complaint and the Trustee will not seek to exercise any rights as to 98-276 Ualo Street Apt. L-5, Aiea, Hawaii 96701, TMK 1-9-8-039-004 CPR 053.

13. Because the parties to the Swap Agreement have failed to complete the exchange of property as contemplated by the Swap Order, the Trustee seeks authority to complete the exchange.

14. Lin Poling has ownership rights in the Nam Co assets that, by virtue of the voluntary petition, are subject to the Trustee's strong arm powers under the Bankruptcy Code.

15. The Trustee has the right to liquidate Lin Poling's interest in the real property, including the real property held by Nam Co in which the Debtor has an interest.

16. This Court has jurisdiction over the subject matter of this Adversary Complaint pursuant to 28 U.S.C. §§1334 and 157.

17. Venue is proper in this district under 28 U.S.C. §1409.

18. This adversary proceeding is a core proceeding pursuant to 28 U.S.C.

§157(b)(2)(A), (N) and (O).

19. Pursuant to the Bankruptcy Code, 11 U.S.C. §363(h), the trustee may sell both the estate's interest, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, if

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

20. The partition of the subject apartment units is impracticable; would realize significantly less for the estate than a sale of the interest of the other co-owners and the benefit to the estate outweighs the detriment if any to such co-owners.

6

U.S. Bankruptcy Court - Hawaii   #09-90061   Dkt # 20   Filed 02/19/10   Page 6 of 7

21. The subject properties are not used for the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat.

WHEREFORE, Plaintiff requests that this Court enter a judgment against the Defendants to (i) authorize the Trustee to sell the interests of the Estate and the co-owners free and clear of their interest with any interest attaching to the proceeds of the sale; (ii) require performance of the Swap Agreement to complete the exchange of property as contemplated by the Swap Order or grant the Trustee authority to complete the exchange; (iii) grant the Plaintiff's costs from this action including reasonable attorneys fees; and (iv) providing for such other and further relief as the Court deems just and proper.

Dated: Honolulu, Hawaii, February 19, 2010.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for the Plaintiff